# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2621 | **DATE** | 2/13/2003 |
| **CASE TITLE** | LaRue Hood, et al vs. City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Memorandum. This Court will await further input from plaintiffs' counsel before determining whether or not those Ads should be stricken as inapplicable to plaintiffs' claim against Jones. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 1 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 2/13/2003 | |
| | Copy to judge/magistrate judge. | 03 FEB 13 PM 3:47 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LaRUE HOOD, et al., )
 )
        Plaintiffs, )
 )
v. ) No. 01 C 2621
 )
CITY OF CHICAGO, et al., )
 )
        Defendants. )

DOCKETED
FEB 1 4 2003

MEMORANDUM

In this action brought by LaRue and Catherine Hood against the City of Chicago ("City") and several of its police officers, one of those officers--Jason Jones ("Jones")--has until recently been entitled to a stay by reason of his military service. With that service now completed, Jones has just filed his Answer and Affirmative Defenses ("ADs") to the Amended Complaint. This memorandum order is issued sua sponte to address some problems posed by the ADs.

To begin with, AD 1 persists in the practice followed by the Chicago Corporation Counsel's office (among others) of invoking qualified immunity even though plaintiffs advance a Fourth Amendment[1] claim of the infliction of excessive force of a type that, if it in fact occurred, would unquestionably infringe that

---

[1] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guarantees).

constitutional right. Because that is the case, it would inexorably fall to the lot of a factfinding jury to determine whether plaintiffs' or Jones' version of events was accurate--and that evidentiary hearing and determination would necessarily subsume the contention in AD 1 that would constitute a precondition to granting Jones and his fellow officers qualified immunity. Accordingly AD 1 would have to be stricken to that extent, because Jones has already placed plaintiffs' factual account in issue by the denial set out in Answer ¶7.

But because both the Complaint and the Answer leave unclear the nature and scope of Jones' later involvement in the alleged Fourth Amendment seizure that was implicated in plaintiffs' arrest and transportation to a police station (Complaint and Answer ¶¶8 and 9), a qualified immunity defense might perhaps apply to that aspect of plaintiffs' claims. Accordingly AD 1 will not be stricken in its entirety, though it will be restricted to the extent reflected in this memorandum order.

As for ADs 2 through 4, none of them applies to plaintiffs' federal question claim. Instead each relates by its terms to plaintiffs' Illinois state law claims. But in that respect, the Amended Complaint seems to assert state law claims only as to City on respondeat superior theories (Complaint ¶11), and not to Jones and his fellow officers. Because that is unclear, however, this Court will await further input from plaintiffs' counsel

before determining whether or not those ADs should be stricken as inapplicable to plaintiffs' claim against Jones.

*Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: February 13, 2003